**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**1:26-cv-04693**

MARCO VERCH,

Plaintiff,

v.

ADVOCATE SHERMAN HOSPITAL DBA THE PERK AND INSPIRE BOUTIQUE AND GIFTS,

Defendant.

---

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff MARCO VERCH by and through his undersigned counsel, and for its Opposition to Defendant's, Advocate Sherman Hospital d/b/a The Perk and Inspire Boutique ("Advocate"), Rule 12(b)(6) Motion to Dismiss, states as follows:

**A. Introduction**

Defendant's motion rests on a faulty premise: that offering a copyrighted work under the Creative Commons 2.0 license automatically licenses every use, regardless of whether the user satisfies the license's express conditions. It does not. Plaintiff offered permission to use his copyrighted photograph conditioned on, among other things, appropriate attribution, identification of changes, and notice of the license. The Complaint alleges that Defendant copied, modified, displayed, and distributed the Work without satisfying those conditions and therefore without authorization.

A conditional copyright license does not authorize conduct that falls outside its conditions. Courts recognize that attribution and copyright-notice requirements may limit the

scope of a public copyright license; when a user does not satisfy those conditions, the dependent rights are not granted, and the resulting use may constitute infringement. *See e.g.*, *Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008). Defendant's attribution failure is therefore not, as the motion contends, merely a breach arising after an unconditional license grant. It means Defendant never accepted the conditional offer in the manner required to obtain the license in the first place. In essence, the Creative Commons 2.0 license is a unilateral contract which invites acceptance through its terms. Defendant never accepted the offer through performance and therefore committed copyright infringement.

The Complaint also plausibly alleges both DMCA claims. Plaintiff alleges that his name, copyright notice, licensing terms, and license certificate appeared next to the Work; that Defendant distributed the Work without that information; and that Defendant instead placed its own business name on the Work. Whether Defendant intentionally removed Plaintiff's Copyright Management Information ("CMI") and whether its business name appearing on Plaintiff's Work constitutes false CMI present factual questions that cannot be resolved by accepting Defendant's competing account at the pleading stage.

## I. ARGUMENT

### A. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter *accepted as* true, to 'state a claim to relief that is plausible on its face.'" The motion recites the legal standard for a motion to dismiss under Rule 12(b)(6) correctly. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (emphasis

added). "In reviewing the sufficiency of a complaint under the plausibility standard announced in Twombly and Iqbal, [the court accepts] the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 129 S.Ct. at 1951).

A license is an affirmative defense, not an element Plaintiff must negate in his Complaint. A Rule 12(b)(6) motion ordinarily is not an appropriate vehicle for resolving a defense because a complaint need not anticipate and plead around potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Dismissal based on a defense is proper only when the complaint unambiguously establishes every element of that defense and thereby pleads the plaintiff out of court. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

The burden of proving the existence of a license rests with the accused infringer. *Kay Bros. Enters. v. Parente*, No. 16 C 387, 2018 U.S. Dist. LEXIS 128191 (N.D. Ill. July 31, 2018). To successfully employ an affirmative defense, a defendant must establish "the elements of the defense by a preponderance of the evidence." *Hull v. Bd.of Trs. of Univ. of Ill. at Chi.*, No. 98 C 6199, 2001 U.S. Dist. LEXIS 9905 at *14 (N.D. Ill. July 16, 2001).

**B. The Complaint Plausibly Alleges Copyright Infringement Because Defendant Did Not Satisfy the Conditions of the Creative Commons License**

The elements of a copyright infringement claim are (1) ownership of a valid copyright, and (2) actionable copying by the defendant. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Advocate does not dispute that either element have been met here.

Count I alleges that Plaintiff owns a valid copyright in the Work, registered the Work with the Copyright Office, and owns the rights transferred by its original creator. (Complaint ¶¶ 10-19). It further alleges that Defendant copied, modified, displayed, and distributed the Work

without authorization. (Complaint ¶¶ 22-25, Ex. 2). Those allegations alone are sufficient to state a claim for copyright infringement.

Defendant does not identify a defect in those allegations. Instead, it asserts that at Paragraph 13 of the Complaint "Verch admits in the Complaint that the Work at issue *was* licensed 'to the public' through the Creative Commons License 2.0." (Docket No. 20, p. 10). That is not what the complaint alleges. The complaint alleges that "Verch *offered* usage rights to the public through the Creative Commons 2.0 License." (Complaint ¶ 13, emphasis added).

The Complaint further alleges that a member of the public is permitted to use the Work *only upon* giving appropriate credit, identifying changes, and providing notice of the license, and that Defendant did none of those things. (Complaint ¶¶ 13-15, emphasis added).

Nor does Advocate anywhere in its opposition assert that it satisfied any of these conditions. (*See generally* Docket No. 20). Once again, it is Defendant's burden to prove the existence of a license. *See Kay Bros.*, 2018 U.S. Dist. LEXIS 128191 at *22. Defendant did not do that and plaintiff does not need to plead around it.

Advocate's failure to satisfy these conditions which limit the license's scope, means no license was granted in the first place. *See Philpot v. LM Commc'ns II of S.C., Inc.*, No. 5:17-CV-173-CHB, 2018 WL 3371038, at *7 (E.D. Ky. July 10, 2018).

Plaintiff plausibly alleged copyright infringement. Plaintiff pled it owns a valid copyright in the work and attached the certificate of registration. (Complaint ¶ 12, Ex. 1). Plaintiff plead that defendant copied the work and provided evidence of defendant's copying. (Complaint ¶ 22-25, Ex. 2). Defendant's only argument as to why its actions do not constitute copyright infringement are that the work was licensed to the entirety of the public. That argument is belied

by the allegations in the complaint which clearly state the requirements for a license to be granted. (Complaint ¶ 13-15).

**C. Verch Plausibly States a Claim for Removal of Copyright Management Information**

Under the DMCA, it is unlawful to remove or alter copyright management information knowing (or having reasonable grounds to know) that doing so will "induce, enable, facilitate, or conceal an infringement" without the authority of the copyright owner. 17 U.S.C. § 1202(b).

To state a valid § 1202 claim for removal of copyright management information, a plaintiff must identify the information at issue to provide the defendant with a basis to understand the nature of the claim. *See Design Basics, LLC v. WK Olson Architects, Inc.*, 2018 U.S. Dist. LEXIS 128187, 2018 WL 3629309, at *4 (N.D. Ill. July 23, 2018). CMI includes the title of a work, the author's name, the copyright owner's name, and identifying information conveyed in connection with the work. 17 USCS § 1202(c).

The Complaint alleges that Plaintiff displayed, next to the Work, his name, copyright notice, a link to the licensing terms, and the license certificate. (Complaint ¶ 16). Those allegations place the CMI adjacent to—not on an unrelated or distant page from—the Work.

That distinction defeats Defendant's reliance on *Personal Keepsakes, Inc.*, which involved copyright notice on a separate website. *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013). Here, the Complaint specifically alleges that the Attributions appeared "next to the Work" on the page displaying it. (Complaint ¶ 16). Accepting that allegation as true, Plaintiff has plead CMI conveyed in connection with the Work.

The Complaint further alleges that Defendant copied the Work from the internet, displayed and distributed it without any of the Attributions, and did so knowing the CMI had been removed or altered without authority. (Complaint ¶ 22, 27, Ex. 2). Defendant's assertion that it did not access the identified page, see the CMI, or remove it is not drawn from the Complaint; it is Defendant's competing factual account. Defendant is basically demanding evidence at the pleading stage. *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680, at *13 (N.D. Ill. Aug. 31, 2021).

Section 1202(b) requires CMI connected with a copyrighted work, distribution of the work after unauthorized removal or alteration of CMI, knowledge of that unauthorized removal or alteration, and knowledge or reasonable grounds to know that the distribution will induce, enable, facilitate, or conceal infringement. *Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 171 (2nd Cir. 2020).

Count II alleges each requirement: the Attributions existed next to the Work; Defendant distributed copies without them; Defendant knew they had been removed or altered without authority; and Defendant knew or had reason to know its conduct would facilitate or conceal infringement. (Complaint ¶ 16, 27, 44-46).

The allegations are also supported by the manner of use. Defendant copied the Work, converted it into a commercial advertisement, omitted Plaintiff's identifying and licensing information, and distributed the resulting version through its Facebook page. Taken together and construed in Plaintiff's favor, those facts permit the reasonable inference that the omission was intentional and concealed the unauthorized origin of Defendant's copy.

### D. Verch Plausibly States a Claim for Addition of False Copyright Management Information

Under the DMCA, "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement . . . provide copyright management information that is false." *Latka v. Integra Builders LLC*, No. 1:24-cv-01591-JPH-KMB, 2026 U.S. Dist. LEXIS 54946, at *12-13 (S.D. Ind. Mar. 16, 2026) (quoting 17 U.S.C. § 1202(a)(1)).

Count III alleges that Defendant placed "Inspire Boutique," which is Defendant's business name, directly on the Work and then distributed copies bearing that designation. (Complaint ¶ 51). It further alleges that Defendant did so knowingly and with the intent to enable, facilitate, or conceal infringement. (Complaint ¶ 52-54). This is sufficient to allege a violation of 17 U.S.C. § 1202(a). *See Leveyfilm, Inc. v. Fox Sports Interactive Media*, 999 F. Supp. 2d 1098, 1103 (N.D. Ill. Mar. 25, 2014) (finding intent sufficiently alleged for DMCA claim when plaintiff alleged that the photographs had defendant's name attached when published and plaintiff's name was removed).

Defendant asks the Court to decide that "Inspire Boutique" was merely advertising text that no viewer could understand as identifying the author, owner, or source of the modified image. This is a factual contention which cannot be decided on a motion to dismiss.

The statutory definition of "Copyright Management Information" encompasses names and identifying information concerning the author or copyright owner when conveyed in connection with a work. 17 USCS § 1202(c). Defendant's name, placed directly on the altered Work while Plaintiff's identifying information was absent, falsely represented authorship or ownership depends on the context and appearance of the resulting image. On a motion to dismiss, the reasonable inference favoring Plaintiff controls.

The Complaint does not rely on a business name appearing incidentally elsewhere on a webpage. It alleges that Defendant placed its own identifying name on the Work itself while

distributing the Work without Plaintiff's CMI. (Complaint ¶ 51). Those allegations plausibly distinguish Defendant's designation from ordinary promotional text and support the inference that the designation identified Defendant as the source or owner of the resulting image.

Defendant's challenge to intent likewise presents a factual dispute. Plaintiff alleges more than the isolated appearance of a business name: Defendant copied the Work, modified it into its own advertisement, omitted all of Plaintiff's identifying and licensing information, placed Defendant's own name on the image, and distributed that version to the public. Those facts, accepted as true, permit an inference that Defendant knowingly supplied false copyright management information to conceal its unauthorized use. Count III should not be dismissed merely because Defendant proposes a more innocent interpretation.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 20) should be dismissed in its entirety. Alternatively, should the court grant Defendant's motion Plaintiff should be allowed leave to ament.

WHEREFORE, Plaintiff MARCO VERCH requests that Defendant ADVOCATE SHERMAN HOSPITAL DBA THE PERK AND INSPIRE BOUTIQUE AND GIFTS's Motion to Dismiss Plaintiff's Complaint be denied, and for such other and further relief deemed equitable or necessary.

Dated: September 23, 2026

Respectfully submitted,

*/s/ J. Campbell Miller*
J. CAMPBELL MILLER
Bar Number: 6345233
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
742 South Rangeline Road

Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Marco Verch*